**Sherman Lamont FIELDS, Appellant**

v.

**UNITED STATES of America and Loretta E. Lynch, Attorney General, Appellees.**

No. 16-5041

September Term, 2015

United States Court of Appeals, District of Columbia Circuit.

Filed: 07/26/2016

Sherman Lamont Fields, Terre Haute, IN, Pro Se.

Elizabeth Trosman, Esquire, Assistant U.S. Attorney, USAO Appellate Counsel, U.S. Attorney's Office (USA), Appellate Division, Washington, DC, for Respondents–Appellees.

BEFORE: Rogers and Kavanaugh, Circuit Judges, and Ginsburg, Senior Circuit Judge

## JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order, entered January 15, 2016, be affirmed. Appellant sought, by means of the All Writs Act, 28 U.S.C. § 1651, to have the U.S. District Court for the District of Columbia take action he thought should have been taken by the U.S. District Court for the Western District of Texas, the U.S. Court of Appeals for the Fifth Circuit, and the U.S. Supreme Court. But the All Writs Act "is not itself a grant of jurisdiction." In re Tennant, 359 F.3d 523, 527 (D.C.Cir.2004). Nor does the All Writs Act "enlarge th[e] jurisdiction" of a court. Clinton v. Goldsmith, 526 U.S. 529, 535, 119 S.Ct. 1538, 143 L.Ed.2d 720 (1999). The district court in the District of Columbia has no jurisdiction to review a decision by a district court in Texas—or any appeals therefrom—or any claims by appellant stemming from those decisions. Consequently, the district court properly dismissed his petition.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.